IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:06-CR-258-ALM-CAN |
| JOSE LUIS ORTEGA, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 29, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Tracey Batson.

On June 6, 2007, Defendant was sentenced by the Honorable United States District Judge Richard A. Schell of the Eastern District of Texas to thirty-seven (37) months followed by a term of supervised release of three (3) years for the offense of Felon in Possession of a Firearm. On July 7, 2014, Jose Luis Ortega completed his period of imprisonment and began service of the supervision term. On September 30, 2015, this case was assigned to the Honorable Judge Amos L. Mazzant, U.S. District Judge for the Eastern District of Texas.

On October 7, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 37 Sealed]. The Petition asserted that Defendant violated nine (9) conditions of supervision, as follows: (1) Defendant shall refrain

from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and directed of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (8) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (9) Defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) On August 6 and 25, 2015, the defendant submitted urine specimens at the U.S. Probation Office which were positive for methamphetamine; (2) On August 25, 2015, the defendant submitted a urine specimen at the U.S. Probation Office which was positive for marijuana; (3) The defendant failed to submit a random urine specimen for testing as instructed at McCary Counseling Services, in Denton, Texas, on September 11, 14, 16, and 29, 2015, as part of the U.S. Probation Office's random drug testing program; (4) The defendant failed to submit his monthly report for the

months of September and October, 2015 and on September 11, 2015, the defendant was instructed to report to the U.S. Probation Office on September 14, 2105. The defendant failed to report as instructed (5) The defendant has failed to maintain employment for the months of August and September 2015; (6) On September 9, 2015, the Gainesville, Texas, Police Department advised that the defendant was a passenger in a vehicle that was stopped for a traffic violation. The vehicle was searched and a small bag of methamphetamine was in the purse of the female driver. The female was arrested and the defendant was released. The defendant failed to notify the U.S. Probation Office of his contact with law enforcement within 72 hours; (7) On August 30, 2015, the Gainesville, Texas, Police Department was called to the Days Inn Motel in Gainesville after complaints of foot traffic and the smell of marijuana. Officers entered the room and located the defendant standing by the bathroom door. Other occupants in the room included Billy Dean Manuel. During a search of the room, the defendant was nervous and asked several questions such as "can you get fingerprints from the gun after its placed in a tank." This was after officers located a .9mm Ruger Pistol in the tank of the toilet. All parties in the room denied ownership of the firearm, however, one person advised officers the defendant placed the firearm in the tank. The firearm was loaded with 15 rounds. The defendant denied knowing of the firearm and ownership of the firearm. No arrest were made at the time and the defendant was released from the scene. The defendant did not have permission to associate with Billy Dean Manuel who has been convicted of the felony offense of Assault Family/Household Member with Previous Conviction in the 158th Judicial District Court of Denton County, Texas, in Case No. F-2012- 0109-B. The defendant failed to notify the U.S. Probation Office of his contact with law enforcement within seventy-two hours; and (9) The defendant failed to appear for a scheduled home visit on September 4, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition, specifically that Defendant tested positive for methamphetamine and marijuana. Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no term of supervised release to follow. The Court recommends that Defendant participate in a program of substance abuse therapy and counseling, if available.

The Court also recommends that Defendant be housed in the Bureau of Prisons Beaumont, Texas facility, if appropriate.

**SIGNED this 29th day of October, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE